UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KREMERS URBAN PHARMACEUTICALS INC., 1011 C Avenue West Seymour, IN 47274 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, 10903 New Hampshire Avenue, Silver Spring, MD 20993 <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT

On October 17, 2016, the United States Food and Drug Administration (FDA) issued Plaintiff Kremers Urban Pharmaceuticals Inc. (Kremers) a General Advice Letter and a "Proposal to Withdraw Approval of an Abbreviated New Drug Application for Extended-Release Methylphenidate Tablets; Notice of Opportunity for Hearing"—published in the Federal Register on October 18, 2016 (*see* 81 Federal Register 71741-71745)—proposing to withdraw approval of Kremers' abbreviated new drug application (ANDA) 091695.[1] By statute, FDA must provide Kremers "due notice and an opportunity for hearing" before withdrawing approval of ANDA 091695. 21 U.S.C. § 355(e). To that end, FDA must provide Kremers with the information that the agency relied on to issue the Notice of Opportunity for Hearing. Without that information, Kremers will not have a constitutionally adequate opportunity to support its request for a hearing or to

---

[1] Lannett Company, Inc. acquired Kremers in November 2015.

prepare for any hearing. The requested information is also important to the public's understanding of the process.

Accordingly, on November 7 and 18, 2016, Kremers sent FDA FOIA requests asking for records relating to the agency's Notice of Opportunity for Hearing. Kremers requested expedited processing for both requests. To date, FDA has neither produced the requested records nor claimed any exemption from disclosure. This Court should order FDA to produce the requested records.

Time is of the essence. Originally, FDA granted Kremers until December 19, 2016, to present evidence supporting any request for a hearing. Kremers asked for, and received, an extension until March 20, 2017 to file its submission supporting its request for a hearing, but even with that extension, relatively little time remains for Kremers to analyze and respond to the documents and information that it seeks through its FOIA requests.

## PARTIES

1.      Kremers Urban Pharmaceuticals Inc. is an Indiana corporation with its principal place of business at 1101 C Avenue West, Seymour, Indiana 47274. Lannett Company Inc. acquired Kremers in November 2015.

2.      FDA is an agency within the meaning of 5 U.S.C. § 552(f)(1) that has possession, custody, and control of records that Kremers seeks under FOIA. FDA's principal address is 10903 New Hampshire Avenue, Silver Spring, Maryland 20993. FDA's Division of Freedom of Information is located at 5630 Fishers Lane, Room 135, Rockville, Maryland 20857.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4.      Venue is proper in this Court under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B) because FDA is an agency of the United States Government and because the FOIA statute provides for jurisdiction and venue in the District of Columbia over all FOIA actions.

5.      Because FDA failed to make a determination and provide notice of that determination within the statutorily mandated time limit of twenty working days after receiving

Kremers' FOIA requests, Kremers is deemed to have exhausted all its administrative remedies under 5 U.S.C. § 552(a)(6)(C). *See* 5 U.S.C. § 552(a)(6)(A)(i).

## BACKGROUND

6.      FOIA "focuses on the citizens' right to be informed about what their government is up to" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *Dep't. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989). "[D]isclosure, not secrecy, is the dominant objective." *Dep't. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks omitted). Indeed, one of President Obama's first acts as President was to state his administration's approach to FOIA, instructing agency heads that "the Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails . . . ." Presidential Memorandum, Freedom of Information Act, 74 Fed. Reg. 4,681, 4,683 (Jan. 21, 2009).

7.      The Supreme Court has often noted "the Act's goal of broad disclosure," insisting that FOIA's "exemptions be given a narrow compass." *Milner v. Dep't of Navy*, 562 U.S. 562, 571 (2011).

## KREMERS' REQUESTS

8.      On November 7, 2016, Kremers, through its counsel Alston & Bird, made a FOIA request to FDA asking for various records relating to the agency's proposal to withdraw ANDA 091695. Kremers also asked for expedited processing. A copy of that FOIA request is attached as Exhibit 1.

9.      The next day, FDA acknowledged receipt of Kremers' FOIA request. On November 17, 2016, FDA denied Alston's request for expedited processing.

10.      To date, FDA has not produced the records requested through the November 7, 2016 FOIA request, said that it would produce any particular requested document, or claimed any exemption from disclosure.

11.    On November 18, 2016, Kremers made a second FOIA request to FDA asking for additional records relating to the agency's proposal to withdraw ANDA 091695. Kremers again asked for expedited processing. A copy of that second FOIA request is attached as Exhibit 2.

12.    On November 21, 2016 FDA acknowledged receipt of Alston's second FOIA request. FDA never responded to the request for expedited processing on the November 18, 2016 FOIA request.

13.    To date, FDA has not produced the records requested through the November 18, 2016 FOIA request, said that it would produce any particular requested document, or claimed any exemption from disclosure.

14.    Because FDA failed to communicate its "determination" on the FOIA requests within twenty working days (5 U.S.C. § 552(a)(6)(A)), Kremers has constructively exhausted its administrative remedies and may proceed directly to this Court. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) (a FOIA requestor exhausts its administrative remedies unless, within the specified period, the agency "inform[s] the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions"); *id.* at 189 ("[I]f the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court.").

15.    No "exceptional circumstances" justify giving FDA additional time to respond to Kremers' FOIA requests. 5 U.S.C. § 552(a)(6)(C)(ii). If anything, because FDA set an aggressive timeline for the ANDA withdrawal proceedings, it should be required to produce the requested records as soon as possible.

## COUNT I: VIOLATION OF FOIA (5 U.S.C. § 552)

16.    Kremers incorporates all previous allegations (including those from the introduction to the Complaint).

17.    FDA is unlawfully withholding records that Kremers requested under 5 U.S.C. § 552.

18.     FDA's failure to disclose the requested records has injured Kremers and will continue to do so until the agency discloses the records.

19.     FDA also violated 5 U.S.C. § 552 by failing to respond within 10 days to Kremers' request for expedited processing on its November 18, 2016 FOIA request.

## PRAYER FOR RELIEF

Kremers requests the following relief:

1.     Expedited consideration;

2.     A declaratory judgment that FDA has improperly withheld the requested records under FOIA;

3.     A finding that FDA's failure to comply with its obligations under FOIA has harmed Kremers;

4.     An order directing FDA to respond and produce the requested documents on an expedited basis;

5.     Costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

6.     Any other relief that the Court deems appropriate.


Date: January 10, 2017.

_____

Brian D. Boone (D.C. Bar No. 987633)
brian.boone@alston.com
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: (704) 444-1000



*Counsel for Kremers Urban Pharmaceuticals Inc.*